# LEWIS & LIN LLC

45 Main Street, Suite 608
Brooklyn, NY 11201-8200
>>>Tel:  (718) 243-9323
>>>Fax: (718) 243-9326

www.ilawco.com

November 28, 2017

**By ECF**
Hon. Kiyo A. Matsumoto
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Schneider, et al. v. O'Neill, et al.*, Case No. 17-CV-1889 (RA)(HBP)

Dear Judge Matsumoto:

I am counsel for Dr. Tatiana Schneider ("Dr. Schneider") and Integrative Medical, P.C. ("Integrative Medical," collectively, "Plaintiffs") and I write in response to Defendants Derek O'Neill ("O'Neill") and Born Free Now, LP d/b/a SQ Worldwide ("SQ") ("Defendants'") letter motion for a pre-motion conference concerning their proposed motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). [ECF No. 14].

On September 15, 2017, Plaintiffs filed the instant Complaint seeking, *inter alia*, urgent relief to protect Plaintiffs' reputation and good will in the medical industry from Defendants' campaign of harassment and unfair competition. *See* [ECF No. 1]. The gravamen of the Complaint is twofold: (A) Defendants used their website, which promotes their services, to make false statements about Plaintiffs' services, while advertising a book for sale, and (B) Defendants received money from Plaintiff Dr. Schneider in exchange for services that were not rendered.

### I. SQ Worldwide is subject to general personal jurisdiction in New York.

SQ, a Delaware limited partnership, is registered to do business in the State of New York, and maintains its principal place of business in Brooklyn. *See* [ECF No. 1-main] at ¶ 13.  Thus, there is no question that SQ is a domiciliary that is subject to this Court's jurisdiction.

### II. Both Defendants are subject to specific jurisdiction for their actions directed at Plaintiffs—both New York residents.

Dr. Schneider is a clinical psychiatrist based in New York. Integrative Medical is her New York-based medical practice. The Complaint alleges that O'Neill published and communicated false, defamatory and completely fabricated statements on the website located at <https://www.derekoneill.com/dark-attacks-life-with-a-stalker/> (the "Defamatory Blog"), falsely accusing Plaintiff Dr. Schneider of having a "mental illness," being "mentally ill," being a "stalker," and "vandalizing" O'Neill's home. On the specific Defamatory Blog, Defendant O'Neill advertises for sale his book on "bullying"—in an ill-fated attempt to link his false

LEWIS & LIN LLC

statements regarding Plaintiffs to the topics in his book. *See* [ECF No. 1-main], Exhibit A at 29.

The Complaint also competently alleges that Defendant O'Neill is subject to personal jurisdiction in New York, due to his ownership, domination and control of SQ, a New York domiciliary, as well as the informed belief that he derives substantial revenue from services rendered in New York, and is employed here. *See* CPLR 302(a)(3). The website <derekoneill.com> is also where both Defendants advertise their programs in New York, promote their competing psychotherapy services available in New York, and list their mailing address in New York state. *See* CPLR 302(a)(1). Indeed, Exhibit A to the Complaint is a screenshot of Defendants' website, and includes an address in New York, NY at the bottom of the page. *See* [ECF No. 1 at pages 39-40]. That address is repeated on every webpage of Defendants' website.

This is not just a defamation case; thus, Defendants' argument that CPLR §§ 302(a)(2) or (3) precludes an exercise of jurisdiction over them fails. Whether Defendants communicated these false messages from within or without the state of New York, Plaintiff has asserted cognizable claims for violations of the Lanham Act, unfair competition and tortious interference which specifically targeted Plaintiffs—New York residents. As such, Plaintiffs have established a *prima facie* case for personal jurisdiction over both Defendants.

The *three* documents that Defendants produced do not undermine Plaintiffs' theories of personal jurisdiction. Specifically, Defendants produced: (i) a Schedule B-1 for SQ showing that Defendant O'Neill is a co-owner of SQ, along with a Delaware entity named "Nine Planets of Love LLC," (ii) a 2007 operating agreement for Nine Planets of Love LLC showing a principal place of business at "886 Union Street, #4B, Brooklyn, NY 11215," and (iii) a 2008 assignment agreement for the LLC showing that Defendant O'Neill held a 51% membership interest in the LLC. While Defendants' actions alone contributed to harm within the state of New York such that an exercise of specific jurisdiction is warranted, Defendants' scant production does nothing to undermine O'Neill's *domination and control* of SQ, as set forth in the Complaint and evidence by the website. In fact, the three documents <u>confirmed</u> Plaintiffs' allegations of O'Neill's *ownership* relationship with New York-based SQ.

      **III.**    **All of Plaintiffs' causes of action in the Complaint are well-pled**

            a.  <u>Plaintiffs Lanham Act claims is meritorious because the Defendants' statements on their website are commercial speech and they are competitors</u>

Section 43(a) of the Lanham Act prohibits making "false or misleading . . . representation[s] of fact," in "commercial advertising or promotion," about the "nature, characteristics, [or] qualities. . . of [one's own] or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1); *see also Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 281 (S.D.N.Y. 2016) ("[T]o constitute 'commercial advertising or promotion' . . . a statement must be: (1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) . . . disseminated sufficiently to the relevant purchasing public."). Defendants' Defamatory Blog promotes the sale of O'Neill's book, within the very same article they make false statements

LEWIS & LIN LLC

regarding Plaintiffs. *See* Compl at ¶¶ 83, 85; see also Exhibit A at 29. Thus, this is the kind of "hybrid" communication that courts routinely classify as "commercial speech*." See Bleeping Computer LLC*, 194 F. Supp. 3d at 294 (Internet forum posts that "both disparages [plaintiff's] product and encourages the purchase of [defendant's] product. . . unmistakably constitute advertisements"). Finally, while Plaintiffs adequately allege that they and Defendants are competitors, they do not need to do so in order to maintain a claim under the Lanham Act. *See Bleeping Computer LLC*, 194 F. Supp. 3d at 296 (*citing Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392-94 (2014)).

    b. <u>Defendants' Defamatory Statements Constitute Libel *Per Se*</u>

  Defendants falsely declare that Plaintiff Dr. Schneider committed multiple criminal and unethical acts, and that she has a "mental illness." Defendants' statements constitute libel *per se* as they go to the heart of Plaintiffs' livelihood, profession and reputation. As such, contrary to Defendants' assertion, no allegation of special damages is necessary. While Defendants' false statements also constitute trade libel and commercial disparagement (*see* 15 U.S.C. § 1125(a)(1)), the genesis of Plaintiffs' claim thereunder is for defamation. Defendants' attempt to characterize the allegations as something else fails.

    c. <u>Defendants' remaining challenges lack merit</u>

  The Verified Complaint contains detailed allegations, and some cases *evidence*, supporting each of Plaintiffs' legal claims. Thus, there is more than a sufficient basis to plausibly infer that the claims in the Complaint are meritorious. Defendants' letter grossly misstates the law for each of the claims, and mischaracterizes the facts, such that Defendants' challenge to the allegations in the Complaint largely make no sense. For instance, Defendants' letter admits that the website exists and does not dispute its contents, they simply claim the false statements are true. That defense of truth is no basis for a motion to dismiss Plaintiffs' claims under the Lanham Act, libel, unfair competition, intentional infliction of emotional distress and tortious interference. Similarly, Defendants admit Plaintiff Dr. Schneider gave money to Defendants for services pursuant to certain representations, they just claim that they either gave it back or that she received the services (*see* ECF No. 14 at 1). Again, this factual dispute is no basis to dismiss the breach of contract, unjust enrichment and fraud claims.

  While, Plaintiffs have alleged all the necessary elements of each claim, Defendants ironically (i) argue that Plaintiffs have not included *enough* evidence to support those well-pled claims or (ii) dispute the factual allegations in the Complaint. In short, Defendants do not believe their own arguments that any of the claims should be dismissed as pled, but rather than they believe they will succeed at trial. This is no basis to dismiss at this stage of the proceeding. For these reasons, Defendants' proposed motion will likely be denied in its entirety, such that permitting them to proceed thereunder would be a waste of judicial resources.

              Respectfully submitted,

              */s/ Justin Mercer*
              Justin Mercer