David D. Lin, Esq. (DL-3666)
Justin Mercer, Esq. (JM-4514)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@ilawco.com
justin@ilawco.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATIANA SCHNEIDER, M.D. and INTEGRATIVE MEDICAL, P.C.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEREK O'NEILL, BORN FREE NOW, LP d/b/a SQ WORLDWIDE and ABC CORPORATION,<br><br>*Defendants*. | Case No: 1:17-cv-05416-KAM-CLP |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTEMPT**

**PRELIMINARY STATEMENT**

Plaintiffs Dr. Tatiana Schneider ("Dr. Schneider") and Integrative Medical, P.C. ("Integrative Medical," collectively, "Plaintiffs") by their attorneys Lewis & Lin LLC, hereby submit this Memorandum of Law in opposition the proposed Order to Show Cause for Contempt of Court and Sanctions (the "Contempt Motion") filed by Defendants Derek O'Neill ("O'Neill") and Born Free Now, LP d/b/a SQ Worldwide ("SQ" collectively "Defendants").

1

**FACTUAL BACKGROUND**

The facts and circumstances relevant to Plaintiffs' opposition to the Contempt Motion are contained in the Declaration of Dr. Tatiana Schneider dated May 14, 2018 ("Schneider Decl."). Plaintiffs respectfully refer the Court to that document for a full and accurate statement of the factual circumstances.

**ARGUMENT**

**I.   The March 1st Order was so broad and ambiguous that ultimate compliance is and was impossible.**

The March 1st Order was entered as a temporary stop gap to induce the parties to settle and avoid the expense of litigating Defendants' earlier motion for a preliminary injunction for allegedly defamatory speech. While the ostensible purpose of the March 1st Order was to prevent *public* posts on social media and emails to *third parties* accusing Defendants' of untoward behavior, the order itself is a classic prior restraint on speech. *See Crosby v. Bradstreet Co.*, 312 F.2d 483, 485 (2d Cir. 1963) (reversing injunction against publication of "any" statements about a person as a broad prior restraint void under the First Amendment).

Moreover, the order is too broad, yet not broad enough. For instance, the March 1st Order purports to restrict social media posts (that were already removed), emails and other messages about the parties, but does not explicitly restrict telephone calls—which Defendant Derek O'Neill made to Dr. Schneider's daughter after its entry. Moreover, under Defendants' interpretation of the March 1st Order, Plaintiffs could not even speak to the other party, their own attorneys, physicians, immediate family members, close friends or potential witnesses. *See Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176-79 (2d Cir. 2001) (vacating contempt finding and injunction restricting, *inter alia*, "defamatory representations," and holding that "the terms of the injunction are so vague and

2

imprecise that the Union cannot fairly determine what future speech is permitted and what speech might place it in contempt.")

The order unintentionally granted Defendants the ultimate relief they really seek: to silence a critic. The order has chilled Plaintiffs' right to free speech, preventing them from legitimately expressing their opinions, at the same time as preventing them from litigating this case by talking to their own lawyers and witnesses. Defendants' have not submitted an application which warranted such broad injunctive relief (indeed, the Court explicitly denied their earlier application), and since the parties have not settled, the March 1st Order no longer serves its useful purpose and should be modified or dissolved.

## II. Plaintiffs have not violated the March 1st Order by communicating with Defendants.

Here, Plaintiffs should not be held in contempt because the underlying motion fails on its face to demonstrate that the required elements of civil or criminal contempt have been established. Defendants argument that Plaintiffs (or more specifically, Dr. Schneider) emailed "SQ members" gives the false impression that these persons were third parties—and not representatives of Defendant SQ. *See, e.g.*, Schneider Decl. at ¶ 29. Moreover, each of the persons identified were long, personal friends of Dr. Schneider, and likely potential witnesses. *See id.*

As a threshold matter, Defendants have not presented the court with authenticated, clear and convincing evidence (only an attorney affirmation with no knowledge of the facts). Next, two of the five purported post-March 1st statements do not mention Defendants, the others were sent to SQ members who are long-standing friends of Dr. Schneider, and people she understood to be the Defendants themselves. *See* Schlender Decl. at ¶¶ 31-36. Defendants' interpretation that the March 1st Order is virtually limitless in scope on the nature of restricted speech.

3

In order to establish a claim for libel under New York law, a plaintiff must demonstrate (1) a false and defamatory statement of fact of and concerning the party; (2) which is published to a third party; and which (3) is defamatory *per se* or results in special harm. *See Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011). Since Dr. Schneider's statements were not concerning Defendants, not defamatory, and/or not made to third parties other than Defendants themselves, they would not be actionable. If they are not actionable, Plaintiffs should not be held in contempt. These were not random third parties that Plaintiff communicated with, but persons she has known for close to or over a decade. *See* Schlender Decl. at ¶¶ 26-29.

Further, Defendants take issue with the fact that <u>a third party</u> referred to Derek O'Neill in response to a Facebook post that Dr. Schneider made that did not mention him nor was referring to Defendants. Plaintiffs should not be held in contempt where third parties reach out to or respond to Dr. Schneider regarding Defendants—she has no control over the behavior of third parties. To hold her in contempt anytime a person thinks her statements refer to Defendants is not only indicative of Defendants' limitless vanity, but makes it impossible for Plaintiffs to fairly determine what speech might place them in contempt. *See Met. Opera*, 239 F.3d at 179.

In addition, Dr. Schneider's statements did not include any of the allegations that were subject to Defendants' earlier motion for a preliminary injunction—and which served as the underlying basis for the Court to consider entering the March 1st Order before directing the parties to a settlement conference. *See* Schlender Decl. at ¶ 37. This omission is significant because the parties' earlier agreement concerning the resolution of the proposed preliminary injunction was far narrower than the face of the March 1st Order. *See* Schneider Decl. at ¶¶ 17, 37. Thus, Dr. Schneider did not understand that the March 1st Order would be more restrictive (as Defendants' argue), if the order was prefaced as per what "the parties agreed." *See* March 1st

4

Order. In other words, if the basis of the order was to limit the speech that concerned the Defendants' proposed preliminary injunction, Plaintiffs did not violate that directive—ever. *See* Schlender Decl. at ¶ 37.

Finally, because Defendants have not shown (or even alleged) harm or prejudice, the Plaintiffs should not be held in either civil or criminal contempt for such private statements.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' motion in its entirety.

DATED this 14th day of May 2018,

                Respectfully Submitted:

                LEWIS & LIN, LLC

                By:   */s/ Justin Mercer*
                         David D. Lin, Esq.
                         Justin Mercer, Esq.

                     *Attorneys for Plaintiffs*